THOMAS E. PEREZ
Assistant Attorney General
JAMES A. MCDEVITT
United States Attorney
Eastern District of Washington
JOHN M. GADZICHOWSKI
Chief
ESTHER G. TAMBURO-LANDER
Deputy Chief
LORI B. KISCH
Senior Trial Attorney
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Patrick Henry Building, Rm 4031
Washington, D.C. 20530
Telephone: (202)305-4422
TYLER H.L. TORNABENE
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| ROBERT BRIAN ROBINSON, | Civil Action No.CV-10-5045-LRS |
|---|---|
| Plaintiff, | CONSENT DECREE |
| v. | |
| MILNE ENTERPRISES, INC., d/b/a MILNE, NAIL, POWER TOOL & REPAIR, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court for entry of this decree by consent of the parties

to effectuate a compromise and settlement of all claims. After review and

RECEIVED

CONSENT DECREE - Page 1

APR 1 6 2010

CLERK. U.S. DISTRICT COURT
SPOKANE WASHINGTON

1  consideration, the Court believes that entry of this decree is in the interest of justice.

2       1.     Plaintiff, Robert Brian Robinson ("Robinson"), commenced the above
3
4  entitled action in the United States District Court for the Eastern District of

5  Washington, alleging that the Defendant Milne Enterprises, Inc., d/b/a Milne, Nail,
6
7  Power Tool & Repair ("Milne") violated the Uniformed Services Employment and

8  Reemployment Rights Act of 1994 ("USERRA") by failing to re-employ Robinson in

9  the position of Assistant Manager, which is the position Robinson would have been
10
11  employed in had his employment not been interrupted by Robinson's military service

12  and by retaliating against him when he exercised his rights under USERRA.

13       2.     Milne denies that it has violated USERRA.
14

15       3.     Nevertheless, Robinson and Milne (collectively referred to as the

16  "Parties"), as a result of settlement discussions, have resolved their differences and
17
18  have agreed that this action should be settled by entry of this Consent Decree.  It is

19  the intent of the parties that this Consent Decree be a final and binding settlement in

20  full disposition of all claims alleged in the Complaint filed in this case.

21
22  **STIPULATED FACTS**

23       4.     Pursuant to USERRA, the parties acknowledge the jurisdiction of the

24  United States District Court for the Eastern District of Washington over the subject
25
26  matter of this action and of the parties to this case for the purpose of entering this

27  Decree and, if necessary, enforcing this Decree.

28

CONSENT DECREE - Page 2

5.     Venue is proper in this district for purposes of this Decree and any proceedings related to this Decree only.  Milne agrees that all statutory conditions precedent to the institution of this lawsuit have been fulfilled.

## FINDINGS

6.     Having examined the terms and provisions of the Consent Decree, the Court finds the following:

a.     The Court has jurisdiction over the subject matter of the action and the parties to this action.

b.     The terms and provisions of this Consent Decree are fair, reasonable, and just.  The rights of the parties are protected adequately by this Decree.

c.     This Consent Decree conforms with the Federal Rules of Civil Procedure and USERRA, and is not in derogation of the rights and privileges of any person. The entry of this Consent Decree will further the objectives of USERRA and other applicable laws and will be in the best interest of the parties.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

## NON-ADMISSION

7.     This Decree is being entered with the consent of the parties and shall not constitute an adjudication or finding on the merits of the case or be construed as an

**Page 3        Consent Decree**

admission by Milne of any violations of USERRA, or any other law, rule or regulation, dealing with or in connection with equal employment opportunities.

## NON-RETALIATION

8.    Milne shall not take any action against any person which constitutes retaliation or interference with the exercise of such person's rights under USERRA, or because such person gave testimony or assistance or participated in any manner in any investigation or proceeding in connection with this case.

## REMEDIAL REQUIREMENTS

9.    Without admitting the allegations set forth in the Complaint, and in settlement of the claims of Robinson, Milne shall pay Robinson a total of $13,500, comprised as follows:

(a) $6,750 in back pay, less those employee tax withholdings and

employee contributions as required by law, which Milne timely shall

pay to the appropriate governmental agencies on behalf of Robinson.

Milne shall separately pay to the appropriate governmental agencies the

appropriate employer's contribution due on the $6,750 back pay portion

of the total monetary award; i.e., the employer's contribution shall not

be deducted from any part of the monetary award to Robinson.

(b) $6,750 in liquidated damages.

Page 4        **Consent Decree**

10.   Within (7) business days from the date of entry of this Decree, Milne shall pay Robinson the $6,750 in back pay, less employee tax withholdings and employee contributions; and a portion of the liquidated damages totaling $3,250.  The remaining $3,500 of liquidated damages shall be paid to Robinson within 90 days of entry of the Consent Decree with payments as follows: $1,200 within 30 days of the entry of the Consent Decree; $1,200 within 60 days of the entry of the Consent Decree; and $1,100 within 90 days of the entry of the Consent Decree.  Milne shall pay the required amounts to Robinson by mailing to Robinson a check addressed as follows:

> Robert Brian Robinson
> 250 Gage Blvd., Apt. 2075
> Richland, WA 99352

Milne shall provide documentary evidence of having paid Robinson by mailing a photocopy of the check evidencing payment to the following address within three (3) days of payment to Robinson:

> Lori B. Kisch
> Senior Trial Attorney
> United States Department of Justice
> 950 Pennsylvania Ave., NW
> Civil Rights Division
> Employment Litigation Section, PHB, Room 4031
> Washington, DC  20579

11.   Milne agrees to provide Robinson with a letter of recommendation which is attached hereto as Exhibit A.  Milne further agrees to withdraw its complaint

**Page 5      Consent Decree**

of theft against Robinson by sending a letter to the Pasco Police Department within

seven (7) business days of the entry of this Consent Decree indicating such

withdrawal.  A copy of the letter to be mailed to the Pasco Police Department is

attached hereto as Exhibit B.  Milne shall provide documentary evidence of having

sent the letter to the Pasco Police Department by mailing a copy of such letter to Lori

B. Kisch at the address provided in paragraph 10 within three (3) business days of its

mailing to the Pasco Police Department.

      12.    For and in consideration of the relief being provided to him described in

paragraphs 9 -11 of this Decree, Robinson releases and discharges Milne from the

claims identified in the Complaint filed in this case and the complaint Robinson filed

with the Department of Labor, complaint number WA-2008-00003-10-G.  This

release and discharge of claims is subject only to Milne's compliance with the terms

of this Decree.

## DISPUTE RESOLUTION AND COMPLIANCE

      13.    This Court shall retain jurisdiction over this matter and will have all

available equitable powers, including injunctive relief, to enforce this Decree.  Upon

motion of either party, the Court may schedule a hearing for the purpose of reviewing

compliance with this Decree.  The parties shall engage in good faith efforts to resolve

any dispute concerning compliance prior to seeking a resolution of such dispute by

the Court.  In the event of a dispute, the parties shall give notice to each other ten (10)

**Page 6**      **Consent Decree**

business days before moving for review by the Court. The parties may conduct expedited discovery under the Federal Rules of Civil Procedure for the purpose of determining compliance with this Decree or defending against a claim of non-compliance.

## MISCELLANEOUS

14.    All parties shall bear their own costs and expenses of litigation, including attorneys' fees.

15.    This Consent Decree constitutes the entry of final judgment within the meaning of Rule 54 of the Federal Rules of Civil Procedure on all claims asserted in this action.

16.    The terms of this Consent Decree shall be binding upon the present and future directors, employees, agents, administrators, successors, representatives, and assigns of Milne and upon the heirs, successors, and assigns of Robinson.

17.    This Consent Decree constitutes the entire agreement and commitments of the parties. Any modifications to this Decree must be mutually agreed upon and memorialized in a writing by all parties.

18.    Milne has been informed by the United States that it may seek legal advice regarding its entry into this Consent Decree and its associated legal obligations and/or rights arising from the Decree.

**Page 7        Consent Decree**

1        19.     The parties execute the Consent Decree voluntarily, knowingly and

2

3   willingly.

4   **EFFECTIVE DATE**

5        20.     The effective date of this Consent Decree shall be the date upon which it

6

7   is entered by the Court.

8        21.     This Consent Decree shall expire, and this action shall be dismissed,

9

10  without further order of this Court, one year from the date of the entry of this Consent

11  Decree.  Robinson may move, for good cause, to extend the decree.  The Decree will

12  not be extended, however, unless the Court grants Robinson's motion.  Any such

13  extension may be granted by the Court only for such time as is necessary to effectuate

14

15  the relief set forth in this Decree.

16

17  APPROVED and ORDERED this  27th  day of  April             , 2010.

18

19

20

21                        s/Lonny R. Suko

22                       _____

23                       UNITED STATES DISTRICT JUDGE

24

25

26

27  **Page 8**      **Consent Decree**

28

Respectfully submitted on this _____ day of _____, 2010.

THOMAS E. PEREZ
Assistant Attorney General

JOHN M. GADZICHOWSKI
Chief
ESTHER G. TAMBURO-LANDER
Deputy Chief
LORI B. KISCH
Senior Trial Attorney
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW, PHB
Washington, DC 20530
Telephone: (202) 305-4422
Facsimile: (202) 514-1005
Email: John.M.Gadzichowski@usdoj.gov
Email: Esther.Tamburo@usdoj.gov
Email: Lori.Kisch@usdoj.gov

JAMES A. MCDEVITT
United States Attorney
Eastern District of Washington

TYLER H.L. TORNABENE
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767
Facsimile: (509) 353-2766
Email: USA-WAE-Ttornabene@usdoj.gov

Attorneys for Plaintiff

Page 9      Consent Decree

1

2

3

_R. B— R—_

ROBERT BRIAN ROBINSON
250 Gage Blvd, Apt. 2075
Richland, WA 99352

Plaintiff

DAVID MILNE
Vice President
Milne Enterprises, Inc., d/b/a
Milne, Nail, Power Tool & Repair
1303 W. Lewis Street
Pasco, WA 99301
Telephone: (509) 547-7834

Defendant

Page 11    Consent Decree

April 9, 2007

To Whom It May Concern:

I am genuinely pleased to give my professional recommendation for Brian Robinson. I am the Manager/Co-owner here at our store and was Brian's immediate supervisor for almost five years. Every day we'd spend considerable time together and I found him to be punctual, consistent, pleasant, and hard working.

Brian is a take-charge person who is able to present creative ideas and communicate the benefits of applying them. When we opened a new store, it was Brian who researched on his own to find the most effective computer system and software for us, and then presented that information to the heads of our company. He is one of the brightest people I have met over the years of running this business, and he used that intelligence to help our company get to a higher level faster than we would have without him.

During his employ, Brian worked his way from a part time sales clerk with limited duties to a full time Assistant Manager. As Assistant Manager he worked with me in overseeing and participating in day to day sales, shipping and receiving, inventory, and conducting outside sales to other businesses. He conducted himself professionally and more often than not, he would be wearing our company's uniform shirt, though not required to do so. Brian Robinson also took it upon himself to do other employee tasks so as the job would get done right in a timely manner. Even if it meant doing menial tasks such as shoveling snow, stocking shelves, setting up displays, fixing leaks in the roof and assembling equipment. He was always there for our customers, answering questions and giving concise, knowledgeable information to help them select the products they would need (all while keeping our bottom line in mind).

Sadly, Brian left our store to enlist in the military and is now pursuing an education in the medical field. Though this will surely be an enormous undertaking, Brian has shown time and time again that he is capable of seeing things through to completion and taking pride in the work he does. He has my absolute recommendation and I feel he will be a great asset to any company or organization.

David G. Milne
Manager / Co-owner
Milne Enterprises, Inc. d/b/a
Milne, Nail, Power Tool & Repair

12

Exhibit A

Pasco Police Department
525 North 3rd Avenue
Pasco, WA 99301

Re:    Robert Brian Robinson and Milne, Nail, Power Tool & Repair
Police Records Nos. 07-16182 and 08-04985

Dear Pasco Police Department:

I am writing on behalf of Milne Enterprises, d/b/a Milne, Nail, Power Tool & Repair. In February of 2008, my father, Randy Milne, filed a complaint against Robert Brian Robinson alleging that he was involved in a theft from our family store in the spring of 2007. I am writing on behalf of my family and the Milne store to withdraw all of our complaints against Robert Brian Robinson. We ask that this letter of withdrawal of our complaint be maintained in any files that exist regarding our previous complaints against Robinson.

Thank you.

David Milne
Manager and Co-Owner
Milne Enterprises, Inc., d/b/a
Milne, Nail, Power Tool & Repair

13

Exhibit B